Memorandum of Decision
The Intervening Party in this case, the paternal grandmother, has filed an.Application for Waiver of Fees for her intended appeal of the Court's (Quinn, J.) decision of January 18, 2001, terminating the parental rights of Chauncey's parents and denying her Motion for a Transfer of Guardianship. The Department of Children and Families hereafter "DCF" has filed an objection.
On September 29, 1999, "DCF" filed a Petition for the termination of the parental rights of the respondents. On October 31, 1999, the respondent father filed a Motion to Revoke the Commitment of his son, Chauncey, and to have his custody and guardianship transferred to his mother, Chauncey's paternal grandmother.
On May 1, 2000, the paternal grandmother was granted limited intervention in the dispositional phase of the termination proceeding. On July 28, 2000, the paternal grandmother filed a Motion to Transfer the Guardianship and custody of her grandson to herself.
The father's Motion to Revoke the Commitment and the paternal grandmother's Motion for Transfer of Guardianship were consolidated with the Petition for the Termination of the Parental Rights of the respondents.
A trial was held on the matter and on January 18, 2001, the Court, (Quinn, J.), issued a Memorandum of Decision terminating the parental rights of the respondents. In addition, the Court found that the cause for commitment still existed, and that it was in Chauncey's best interests to remain in the care and custody of DCF. The Court denied the respondent father's Motion to Revoke and Transfer Custody to his mother as well as the paternal grandmother's Motion to Transfer Guardianship to her.
The paternal grandmother intends to appeal the decision and has applied CT Page 3211 to the court for a Waiver of the Fees in connection with said appeal.
Connecticut Practice Book Section § 63-6 permits the Court to waive fees and costs and to order the State to pay the necessary expenses of appeal, if the applicant is found to be "indigent and entitled to an appeal because of a statutory or constitutional right to court appointed counsel." A waiver of fees is within the sound discretion of the trial court. Caron v. Adams, 33 Conn. App. 673, 694 (1994). The Court, however, is required to determine whether the applicant is indigent and whether the proposed appeal would be non-frivolous. Martinelli v. Martinelli, Superior Court, Judicial District of Waterbury, No. FA-92-112322 (Oct. 25, 1996) (18 Conn.L.Rptr. 63). In Ferrucci v. Davidson, 22 Conn. Law Tribune No. 19, May 12, 1986, (Barnett, J), the court ruled that a frivolous appeal is one where the applicant's likelihood of success is slight. The court further held that in order to determine if a proposed appeal is frivolous, the court should examine the trial court ruling and the issues which the applicant intends to raise on appeal.
In the case before the court, the intervening party's application is accompanied by a financial affidavit, as required by the Practice book. The Court finds, based on this financial affidavit, that the paternal grandmother is indigent.
The second issue before the court is whether the applicant claims a non-frivolous ground for the appeal. The grounds for the proposed appeal (as stated in the application) are as follows:
 1. Denial of Due Process by the Court to call witnesses whose testimony was relevant to the proceeding.
 2. Denial of the Due Process to cross examine witnesses whose testimony was relevant to disposition.
 3. Insufficient evidence regarding paternal grandmother's inability to care for Chauncey, therefore, the Court erred in denying the paternal grandmother's Motion for Guardianship.
The grounds for the proposed appeal do not contain a challenge to the Court's findings, based upon clear and convincing evidence, that the statutory grounds for the termination existed, The paternal grandmother simply states that she was not allowed to call witnesses whose testimony was relevant to the proceeding. She does not distinguish whether such testimony was relevant to the adjudicatory or dispositional phases of the CT Page 3212 trial.
The second ground for the appeal claimed by the paternal grandmother is that she was not allowed to cross-examine witnesses whose testimony was relevant to the disposition of the case. She does not state which of the witnesses she was not allowed to cross-examine. In addressing both of these claims, the Court notes that the paternal grandmother was granted a limited right of intervention to present affirmative dispositional evidence only. Regarding permissive intervention, such as the case presently before the court, our Supreme Court has stated that "Such intervention, of course, is entrusted to the discretion of the trial court." Horton v. Meskill, 187 Conn. 187, 197 (1982), 445 A.2d 579, 1982
Conn.
The court also notes for the record that the grounds for appeal do not contain a claim that the court acted in abuse of its discretion.
In "In re Denzel A. 53 Conn. App. 827, 834, the Appellate Court addressed the role of an intervening grandparent in the dispositional phase of a termination of parental rights decision. "This case requires a resolution of the parameters of the role of an intervening grandparent in the dispositional phase of a termination of parental rights action. During the dispositional phase, the Court must consider all of the facts that are relevant to the welfare of the child . . . after the statutory grounds for termination are proved by clear and convincing evidence in an adjudicatory phase, the question then to be decided in a dispositional phase is whether it is in the best interests of the child to sever the parent-child relationship. That is different from the question of who should have custody of the child if termination of parental rights is determined to be in the best interests of the child."
As an additional ground for the proposed appeal, the applicant states that the court had insufficient evidence to hold that she could not care for Chauncey.
"The standard for review on appeal [from a termination of parental rights] is whether the challenged findings are clearly erroneous . . . the determinations reached by the trial court that the evidence is clear and convincing will be disturbed only if [any challenged] finding is not supported by the evidence and is in light of the evidence in the whole record clearly erroneous . . . "On appeal our function is to determine whether the trial court's conclusion was legally correct and factually supported.". . . "We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached" . . . nor do we retry the case or pass on the credibility of witnesses.". . . "Rather on review, by this Court every reasonable CT Page 3213 presumption is made in favor of the trial court's ruling" (Citations omitted; internal quotation marks omitted.) In re Denzel A.,53 Conn. App. 827, 832, 1999. The Court has reviewed Judge Quinn's Memorandum of Decision, as well as the Memorandum of Law in support of the DCF objection to the Waiver of Fees, and all of the cases cited therein.
Judge Quinn denied the Motion to Transfer Custody and Guardianship because, as the trier of fact, she concluded, by' clear and convincing evidence, that it was not in Chauncey's best interests to be placed with his grandmother, with whom he did not have a bond.
As the moving party, the grandmother, and not DCF, has the burden of presenting sufficient evidence to prove that it was in Chauncey's best interests to transfer his custody and guardianship to her. The applicant cannot fail to meet her burden of proof and then claim that the Court erred in denying the Motion to Transfer Guardianship because of insufficient evidence.
The court finds that the applicant is not entitled to appeal, at state expense, either the decision terminating the parental rights of Chauncey's parents or the decision to deny her Motion to Transfer Guardianship because the issues which she intends to raise are not meritorious and therefore frivolous.
The Court denies the application to waive the costs of appeal.
Carmen L. Lopez, Judge Child Protection Session